UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEDI CORP., <br><br> Plaintiff, <br><br> v. <br><br> SEATTLE GLASS BLOCK WINDOW, INC., <br><br> Defendant. | C18-636 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on defendant Seattle Glass Block Window, Inc.'s motion for summary judgment, docket no. 58. Having reviewed all papers filed and referenced in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

**A.     The Parties and their "Agreement"**

Plaintiff wedi Corp. ("wedi") manufactures and distributes a composite board product used for the construction of waterproof shower systems or other walls on which tile or stone is affixed. *See* Compl. at ¶ 7 (docket no. 42). In June 2008, defendant Seattle Glass Block Window, Inc. ("Seattle Glass") signed an Agency Agreement that would have appointed Seattle Glass to be wedi's "exclusive agent" to solicit orders for wedi's products in eight states, namely Alaska, Hawaii, Idaho, Montana, Oregon, Texas,

ORDER - 1

Washington, and Wyoming. Ex. 1 to Compl. (docket no. 42). wedi, however, did not sign the Agency Agreement, and neither party initialed the separate arbitration provision contained in the document. *Id.* Thus, the Agency Agreement (and its arbitration clause) never became a binding contract between wedi and Seattle Glass.

On June 1, 2008, wedi executed a different Agency Agreement, between itself and Brian Wright ("Wright"), who owns Seattle Glass, having purchased it from his father in 1988. *See* Wright Decl. at ¶¶ 2 & 3 and Ex. 1 (docket nos. 20 & 20-1). The fully signed agreement between wedi and Wright (the "2008 Wright Agreement") appointed Wright as wedi's Regional Sales Manager to solicit orders for products and coordinate sales representatives in 14 states, *i.e.*, Alaska, Arizona, California, Colorado, Hawaii, Idaho, Montana, Nevada, New Mexico, Oregon, Texas, Utah, Washington, and Wyoming. Ex. 1 to Wright Decl. (docket no. 20-1). In late 2012, wedi and Wright negotiated and executed a revised Agency Agreement that had an effective date of January 1, 2013, (the "2013 Wright Agreement"), pursuant to which Wright "under Sound Products Sales LLC" was designated wedi's "exclusive agent" for four states and one Canadian province, namely Hawaii, Idaho, Oregon, Washington, and British Columbia. Ex. 2 to Wright Decl. (docket no. 20-2). The 2013 Wright Agreement was terminated effective September 1, 2014, and wedi ended any distributor relationship with Seattle Glass as of September 30, 2014. *See* Compl. at ¶ 54 (docket no. 42).

B. **Other Litigation Involving wedi and Wright**

Wright owns Sound Product Sales L.L.C. ("Sound Product") and Hydro-Blok USA LLC ("Hydro-Blok"), both of which are limited liability companies in which

Wright is the sole member.  <u>See</u> Corp. Disclosure Stmts. (C15-671, docket nos. 13 & 14). Hydroblok International Ltd. ("H-International") is a company organized under the laws of Canada, the sole proprietor of which is Ken Koch.  Corp. Disclosure Stmt. (C15-615, docket no. 3).  In a related action before this Court, namely Case No. C15-671 (into which Case No. C15-615 has been consolidated), wedi brought claims against Wright, Sound Product, Hydro-Blok and H-International, some of which were resolved in an arbitral award that has been confirmed by the Court, <u>see</u> Order (C15-671, docket no. 128); Arbitral Award (C15-671, docket no. 101-3), and some of which were dismissed on the basis of collateral estoppel, <u>see</u> Order (C15-671, docket no. 152); Minute Order at ¶ 2 (C15-671, docket no. 160).[1]  The question now before the Court is whether any of wedi's claims against Seattle Glass are also barred on res judicata and/or collateral estoppel grounds by the decisions issued by the arbitrator and/or the Court in the related matter, Case No. C15-671.

    The parties to the arbitration that was compelled in Case No. C15-671 were wedi, Wright, and Sound Product.  In the arbitration, wedi alleged, in substance, as follows:

> [B]eginning in or about 2010, Wright breached contractual and fiduciary duties to wedi by engaging in discussions with other individuals to develop a new product that would compete against wedi; Wright wrongfully disclosed information that wedi considers "confidential" within the language of the contracts Wright signed, and also considers to be trade secrets under Washington state law; and, in anticipation of going into competition against wedi, Wright stopped using his best efforts to promote

---

[1] In C15-671, wedi has five claims remaining, namely (i) tortious interference with contract against H-International, (ii)-(iv) violation of the Lanham Act, violation of Washington's Consumer Protection Act, and tortious interference with prospective advantage against Wright, Hydro-Blok, and H-International, and (v) abuse of process against Wright, Sound Product, and Hydro-Blok.  Also still pending in C15-671 are claims by Wright, Sound Product, and Hydro-Blok against wedi for tortious interference with prospective advantage and abuse of process.  <u>See</u> Order (C15-671, docket no. 152).

ORDER - 3

wedi in the Pacific Northwest, deliberately bypassing the opportunity to sell wedi's product through one or more prominent regional distributors.

Arbitral Award at 3 (docket no. 101-3). In the arbitration proceedings, wedi demanded *inter alia* that Wright and Sound Product be required to return approximately $870,000 in commissions paid by wedi during the period when Wright was allegedly in breach of his contractual and fiduciary duties. *Id.* at 4. The arbitrator found in favor of Wright and Sound Product, and against wedi, on all but one claim, namely the breach of contract claim, as to which the arbitrator awarded only nominal damages.

The breach of contract claim on which wedi prevailed was based, in part, on Wright's admission that he improperly disclosed a few of wedi's confidential documents, and as to this violation of the parties' agreement, the arbitrator awarded wedi $1.00. *Id.* at 13-14. The arbitrator, however, rejected wedi's theory that Wright's alleged breach of contract, breach of fiduciary duty, and/or misappropriation of trade secrets caused damages (*e.g.*, lost profits), finding explicitly: (i) Wright "credibly explained valid business reasons for not pursuing the accounts" that wedi asserted he should have secured; (ii) the evidence did not support a conclusion that Wright either failed to use "best efforts" in representing wedi or "did not do everything within his reasonable business judgment to maximize his commissions" while representing wedi; (iii) wedi provided no proof that it was damaged by Wright's disclosure of a few of its confidential documents, which Wright's expert's unchallenged report indicated would have conferred no valuable competitive advantage and which the arbitrator ruled were not protectable trade secrets; and (iv) any lost sales were self-inflicted, having been caused by wedi's own decision to pull its product from distributors carrying the competing Hydroblok line.

ORDER - 4

*Id.* at 10-12 & 15.  The arbitrator also denied wedi's request for return of commissions, reasoning that neither Wright nor Sound Product had engaged in conduct "so egregious to warrant forfeiture of commissions earned." *Id.* at 15.  The arbitrator further observed that, if wedi was permitted to recoup the commissions it had paid, wedi would be unjustly enriched because those commissions were paid on actual sales on which wedi had profited as a result of Wright's efforts.  *Id.*

C. **The Dispute Between wedi and Seattle Glass**

In this case,[2] wedi pleads the following claims against Seattle Glass:  (i) breach of contract; (ii) breach of fiduciary duty; (iii) fraud; (iv) violation of the Illinois Trade Secrets Act, 765 ILL. COMP. STAT. 1065/1–9; and/or (v) alternatively, violation of Washington's Uniform Trade Secrets Act, RCW Chapter 19.108.  In the operative pleading, all of the acts alleged to have been committed by Seattle Glass are attributed to Wright.  For example, wedi claims that Seattle Glass "through Wright" began collaborating, "as early as February 2011," with Ken Koch and H-International to "develop products in direct competition with wedi's products."  Compl. at ¶ 18 (docket no. 42).  wedi further alleges that "Wright and Koch began collaborating with Werner Hammelmann . . . , the European sales manager for Marmox, a foam board product line manufactured in Egypt, to develop products for the U.S. market in competition with wedi."  *Id.* at ¶ 24.

---

[2] wedi commenced this action in September 2017 in the Northern District of Illinois.  By Memorandum Opinion and Order entered April 16, 2018, docket no. 39, Seattle Glass's motion to transfer the case to this district was granted.

ORDER - 5

1 | In addition, wedi pleads that "Wright, on behalf of himself and SGB [Seattle
2 | Glass], began disclosing wedi's internal documents and assisting wedi's competitors in
3 | their competitive efforts." *Id.* at 26. wedi also accuses Seattle Glass of fraudulently
4 | concealing material information from wedi regarding its and Wright's "intentions and
5 | activities in developing products in competition with wedi," and theorizes that such
6 | fraudulent concealment "was intended to and did induce wedi to enter into a new Agency
7 | Agreement with Wright and . . . Sound Product . . . , effective January 1, 2013." *Id.* at
8 | ¶¶ 52-53. Seattle Glass contends that, in levying these various claims, wedi is improperly
9 | attempting to re-litigate matters that either were or should have been asserted and decided
10 | in arbitration.

**Discussion**

**A.     Claim and Issue Preclusion**

Res judicata generally refers to the preclusive effect of former litigation. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988); *Paine v. Griffin (In re Paine)*, 283 B.R. 33, 38 (B.A.P. 9th Cir. 2002). Res judicata has two conceptual categories: (i) claim preclusion; and (ii) issue preclusion, often called "collateral estoppel." *Robi*, 838 F.2d at 321 & n.2; *Paine*, 283 B.R. at 38; *see also Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 n.4 (9th Cir. 2000) ("Rather than using the terms 'res judicata' and 'collateral estoppel,' the Supreme Court has generally used the terms 'claim preclusion' and 'issue preclusion.'"); *Ross v. Alaska*, 189 F.3d 1107, 1110 n.2 (9th Cir. 1999). The key distinction between the two types of preclusion is that matters never litigated may be barred by claim preclusion, while only matters actually litigated may be barred by issue

1 preclusion.  *See Frank*, 216 F.3d at 850 n.4; *Ross*, 189 F.3d at 1110 n.2.  In addition, 2 although claim preclusion requires that the parties to the previous and current 3 proceedings be identical or in privity, *see Robi*, 838 F.2d at 321; *see also Frank*, 216 F.3d 4 at 850, issue preclusion does not demand a similar showing.  Rather, issue preclusion is 5 appropriate when (i) the previous and current proceedings involve the same issue; (ii) the 6 issue was actually litigated and determined; (iii) the prior decision is valid and final; and 7 (iv) the determination of the issue was essential to the prior decision.  Restatement 8 (Second) of Judgments § 27 (Am. Law. Inst. 1982); *see Robi*, 838 F.2d at 322; *Paine*, 283 9 B.R. at 39.

## B.   Alleged Waiver of Preclusion Defenses

In response to Seattle Glass's motion for summary judgment, wedi contends that Seattle Glass waived its res judicata and collateral estoppel defenses.  wedi's argument lacks merits.  Claim and issue preclusion are defenses that may be deemed waived if not raised in the pleadings or if the party attempting to invoke the defenses failed to timely object to the prosecution of dual proceedings.  *See Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328-29 (9th Cir. 1995).  The Court, however, may "overlook" any waiver, and *sua sponte* raise res judicata and/or collateral estoppel when appropriate to vindicate private and/or public interests, including shielding a particular party from the burden of re-litigating identical issues, safeguarding a private entity's right to "repose," avoiding inconsistent results, and preserving judicial economy.  *Id.* at 329-30.

wedi does not accuse Seattle Glass of failing to plead res judicata and collateral estoppel as affirmative defenses.  Indeed, claim and issue preclusion are asserted as the

ORDER - 7

first of several defenses in Seattle Glass's Answer, docket no. 46.  Rather, wedi asserts that Seattle Glass waived its rights by (i) not objecting to wedi's maintenance of two separate arbitration proceedings, one conducted in Chicago, Illinois against Wright and Sound Product (the "Wright Arbitration") and the other commenced in Atlanta, Georgia against Seattle Glass (the "Atlanta Arbitration"), (ii) not raising the preclusion defenses in the Atlanta Arbitration, and/or (iii) not asserting the preclusion defenses in the Wright Arbitration.

In accusing Seattle Glass of not objecting to the prosecution of dual proceedings, wedi simply ignores the record.  As acknowledged by wedi's own attorney, Seattle Glass challenged the arbitrability of wedi's claims against it because wedi never signed the Agency Agreement and neither party initialed the arbitration clause in the agreement.  *See* Becka Decl. at ¶ 8 (docket no. 64).  The Atlanta Arbitration was stayed pending completion of the Wright Arbitration, *id.*, and before the question of arbitrability could be resolved by an arbitrator, who had not yet been selected, wedi withdrew its claims in the Atlanta Arbitration and initiated this litigation, *id.* at ¶ 14.  Thus, contrary to wedi's suggestion, Seattle Glass never had an opportunity in the Atlanta Arbitration to be heard concerning the preclusive effect of the Wright Arbitration, and Seattle Glass cannot be viewed as having acquiesced in wedi's pursuit of either the Atlanta Arbitration or this lawsuit.

With regard to the Wright Arbitration, wedi fails to explain how Seattle Glass could have asserted res judicata or collateral estoppel in a proceeding to which it was not a party.  wedi also fails to explain how Seattle Glass could have asserted, before the

arbitrator even issued his award in June 2017 in the Wright Arbitration, that the Wright Arbitration had preclusive effect with respect to the claims alleged in the Atlanta Arbitration, which was initiated in February 2017. See id. at ¶¶ 7 & 12. Finally, to the extent that wedi contends it was entitled to notice from Seattle Glass concerning the potentially preclusive effect of wedi's decision not to assert claims against Seattle Glass in the Wright Arbitration, wedi cites no authority for the proposition that an opposing party must provide legal advice about the consequences of one's own litigation choices and/or strategy. The Court concludes that Seattle Glass has not waived the defenses of res judicata and collateral estoppel. Moreover, even if any waiver had occurred, the Court would "overlook" it and conclude that considering the res judicata and collateral estoppel issues raised by Seattle Glass serves the purposes of shielding Wright and Seattle Glass from the burden of re-litigating issues decided in the Wright Arbitration and of preserving judicial economy. See Clements, 69 F.3d at 329-30.

C.  **Binding Effect of Wright Arbitration**

   1.  **Breach of Contract, Breach of Fiduciary Duty, and Misappropriation of Trade Secrets**

Regardless of whether labeled res judicata or collateral estoppel, the preclusive effect of the Wright Arbitration is as follows. In the Wright Arbitration, wedi attempted, but failed, to establish that Wright intentionally sacrificed income as wedi's Regional Sales Manager or exclusive agent in the hope that he would make up the difference later after the Hydroblok line went on the market. Arbitral Award at 11 (docket no. 101-3). In addition, wedi endeavored, but was unable, to persuade the arbitrator that, in the absence of a prior disclosure to wedi, Wright was prohibited by the 2008 and/or 2013 Agency

Agreement from having discussions with Ken Koch and others about future plans to compete with wedi. *Id.* at 14. The arbitrator reasoned that Wright and Sound Product "could lawfully consider the opportunity to represent" H-International before terminating their relationships with wedi, and such activity did not constitute a breach of contract. *Id.* Moreover, wedi tried to, but did not, prove that the confidential information disclosed by Wright provided an unfair head start and/or competitive advantage to the developers of the Hydroblok product. *Id.* at 11-12. Finally, wedi failed to establish the existence of any protectable trade secrets shared with or allegedly misappropriated by Wright. *Id.* at 15.

In sum, with the exception of Wright's confessed disclosure of a few confidential documents, wedi did not, in the earlier arbitration, substantiate its accusations against Wright, and wedi is not entitled to try again in this litigation under the guise of suing a different entity. The arbitrator's finding that Wright's conduct either did not breach a contractual, fiduciary, or statutory duty or was not causally linked to any injury or damages suffered by wedi has preclusive effect regardless of whether Wright is alleged to have taken his actions on behalf of Sound Product, Hydro-Blok, or Seattle Glass. The Court therefore concludes that the confirmed award in the Wright Arbitration precludes wedi's breach of contract, breach of fiduciary duty, and misappropriation of trade secrets claims against Seattle Glass in this case.

### 2. **Fraud**

The Court defers ruling, however, on whether wedi's claim of fraud is likewise barred on res judicata and/or collateral estoppel grounds. In pleading fraud, wedi alleges

that Seattle Glass made material misrepresentations and/or omissions during the course of negotiations culminating in the 2013 Wright Agreement. Compl. at ¶¶ 88-89 (docket no. 42). The misrepresentations and/or omissions at issue appear to be the same actions that formed the basis of the breach of contract and breach of fiduciary duty claims wedi asserted in the Wright Arbitration, namely engaging in discussions about the prospect of selling the Hydroblok line of products without disclosing such talks to wedi.[3] Although the underlying facts are the same, a different legal theory is raised in this litigation than in the earlier proceeding. Unlike in the Wright Arbitration, in this action, wedi asserts, in essence, that it was fraudulently induced by Seattle Glass's material misrepresentations and/or omissions into entering into the 2013 Wright Agreement, that the 2013 Wright Agreement is therefore voidable, and that the commissions paid pursuant to the 2013 Wright Agreement, which total more than $600,000, were not owed by wedi and should be returned by Seattle Glass. See id. at ¶¶ 88-90.

The Court is inclined to dismiss wedi's fraud claim against Seattle Glass, not on res judicata or collateral estoppel grounds, but on the merits. Seattle Glass was not a party to the 2013 Wright Agreement. Thus, why commissions would have been paid to Seattle Glass under such contract and how Seattle Glass would be liable even if the 2013 Wright Agreement were voidable on the basis of fraudulent inducement are mysteries. Because the parties did not discuss the merits of wedi's fraud claim in their briefing, the Court will permit (i) wedi to file, on or before November 26, 2018, a supplemental

---

[3] Seattle Glass has not challenged wedi's fraud claim on the ground that it is not pleaded with sufficient particularity, see Fed. R. Civ. P. 9(b), and the Court declines to further address the issue.

ORDER - 11

response not to exceed eight (8) pages in length, and (ii) Seattle Glass to file, on or before November 30, 2018, a supplemental reply not to exceed five (5) pages in length. If the Court concludes that wedi's fraud claim against Seattle Glass lacks merit (or if wedi voluntarily dismisses the claim), this case will be closed upon entry of judgment in favor of Seattle Glass.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant Seattle Glass Block Window, Inc.'s motion for summary judgment, docket no. 58, is GRANTED in part and DEFERRED in part. Plaintiff wedi Corp.'s claims against Seattle Glass for breach of contract, breach of fiduciary duty, and misappropriation of trade secrets under either Illinois or Washington law are DISMISSED with prejudice on res judicata and/or collateral estoppel grounds. Seattle Glass's motion is otherwise DEFERRED and RENOTED to November 30, 2018, pending further briefing from the parties concerning the merits of wedi's fraud claim.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 6th day of November, 2018.

Thomas S. Zilly
United States District Judge