UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WEDI CORP.,

           Plaintiff,

  v.

SEATTLE GLASS BLOCK WINDOW, INC.,

           Defendant.

C18-636 TSZ

ORDER

THIS MATTER comes before the Court on the deferred portion of a motion for summary judgment, docket no. 58, brought by defendant Seattle Glass Block Window, Inc. ("Seattle Glass"). By Order entered November 7, 2018, docket no. 72, the Court partially granted Seattle Glass's motion for summary judgment, and dismissed all claims, other than a fraud claim, on the basis of res judicata and/or collateral estoppel. *See* Order (docket no. 72). Having reviewed the supplemental briefs that the Court permitted the parties to file with respect to the remaining fraud claim, the Court enters the following order.

ORDER - 1

**Discussion**

As indicated in the Court's prior Order, although Seattle Glass executed an Agency Agreement in June 2008 that would have appointed it an "exclusive agent" for plaintiff wedi Corp. ("wedi") in eight states, including Washington, wedi never signed the agreement. *See* Order at 1-2 (docket no. 72). Instead, wedi entered into an Agency Agreement with Brian Wright ("Wright"), who owns Seattle Glass, and Wright became wedi's Regional Sales Manager in 14 states, including Washington. *Id.* at 2. In late 2012, wedi and Wright negotiated and executed a revised Agency Agreement that had an effective date of January 1, 2013 (the "2013 Wright Agreement"). *Id.* The 2013 Wright Agreement is the subject of wedi's remaining fraud claim against Seattle Glass, which was not a party to the contract.

wedi alleges that it was fraudulently induced to enter into the 2013 Wright Agreement by unspecified statements "intended to give wedi a false sense of security regarding [Seattle Glass's] and Wright's supposed loyalty to wedi." wedi's Supp. Br. at 2 (docket no. 73 at 4). wedi reasons that, if it had not executed the 2013 Wright Agreement, it would not have disclosed to Wright the confidential information that Wright gave to wedi's competitors, and it would not have paid Wright and another of his companies, Sound Product Sales L.L.C. ("Sound Product"), more than $400,000 in commissions. *Id.* wedi contends that Seattle Glass had a duty to disclose certain information because Wright "made affirmative representations while concealing material facts," thereby rendering his statements misleading, and/or because Seattle Glass had a

confidential or fiduciary relationship arising from the June 2008 Agency Agreement that wedi never executed.[1] *Id.* at 3-4 (docket no. 73 at 5-6).

Seattle Glass counters that the misrepresentations and/or omissions on which wedi's fraud claim is based are the same actions at issue in the prior arbitration involving wedi, Wright, and Sound Product, and that, like wedi's other claims against Seattle Glass, the fraud claim is barred by res judicata and/or collateral estoppel. Seattle Glass further argues that wedi has not identified any misrepresentation or omission of an existing fact, as opposed to a promise or statement about intent or future performance, and thus, has not alleged with particularity any conduct that is actionable as fraud. Seattle Glass also contends that, to the extent wedi asserts Seattle Glass's duty to disclose arose from a contract with wedi, any fraud claim is barred by Washington's "independent duty rule." *See* Supp. Reply at 4 (docket no. 74 at 5) (citing <u>Jackowski v. Borchelt</u>, 174 Wn.2d 720, 730-31 (2012) (quoting <u>Eastwood v. Horse Harbor Found., Inc.</u>, 170 Wn.2d 380, 389 (2010))).

The Court agrees with Seattle Glass on the first two grounds, and does not reach the issue of whether wedi's fraud claim is barred by the "independent duty rule," which was raised for the first time in Seattle Glass's supplemental reply. wedi has already had its bite at the apple, but it was unsuccessful in the earlier arbitration, and the arbitrator's

---

[1] Without filing a motion for reconsideration, wedi argues that the Court erred in concluding that the June 2008 Agency Agreement was not binding on the parties, indicating that wedi accepted the contract by paying commissions to Seattle Glass. *See* wedi's Supp. Br. at 6 (docket no. 73 at 8); *see also* Ex. 1 to McMahon Decl. (docket no. 69 at 16-40) (spreadsheets concerning commissions paid by wedi). The enforceability of the June 2008 Agency Agreement is not relevant to the issues before the Court and does not need to be further analyzed.

ORDER - 3

1  finding that Wright's conduct either did not breach a duty or was not causally linked to
2  any injury or damages suffered by wedi has preclusive effect regardless of whether
3  Wright is alleged to have acted on behalf of himself, Sound Product, or Seattle Glass.
4  *See* Order at 4-5 & 9-10 (docket no. 72).

Moreover, despite having been given an opportunity to submit additional briefing, wedi has failed to describe any statement made by Seattle Glass (through Wright or any other agent) that qualifies as an actionable misrepresentation or omission of existing fact. *See Stiley v. Block*, 130 Wn.2d 486, 505, 925 P.2d 194 (1996) (outlining the nine elements of fraud that must be proven by "clear, cogent and convincing evidence," including a "representation of an existing fact"); *see also Shook v. Scott*, 56 Wn.2d 351, 356, 353 P.2d 431 (1960) ("Where the fulfillment or satisfaction of the thing represented depends upon a promised performance of a future act, or upon the occurrence of a future event, or upon particular future use, or future requirements of the representee, then the representation is not of an existing fact."). Any promises of continued loyalty that might have been expressed by Wright (even if they were made on behalf of Seattle Glass, as opposed to himself or Sound Product) simply cannot form the basis of a claim for fraud.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The deferred portion of Seattle Glass's motion for summary judgment, docket no. 58, is GRANTED, and wedi's remaining claim of fraud is DISMISSED with prejudice.

ORDER - 4

(2) The parties' stipulated motion for relief from deadlines, docket no. 75, is STRICKEN as moot.

(3) The Clerk is DIRECTED to enter judgment consistent with this Order and the prior Order, docket no. 72, and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 13th day of February, 2019.

Thomas S. Zilly
United States District Judge

ORDER - 5