UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WEDI CORP.,

            Plaintiff,

   v.

SEATTLE GLASS BLOCK WINDOW, INC.,

            Defendant.

C18-636 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant Seattle Glass Block Window, Inc.'s motion for attorneys' fees, docket no. 78, is DENIED. When the Court's jurisdiction is premised on diversity, the law of the forum state governs as to whether a party is entitled to attorneys' fees, but federal law specifies the procedure for requesting such fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). The applicable rule in this matter requires that a motion for attorneys' fees be made within 14 days after entry of judgment and that such motion "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B). Defendant failed to comply with this rule, indicating in its motion for attorneys' fees that it would "prove the appropriate amount of the award in a later filing," Def.'s Mot. at 1 (docket no. 78), and waiting until after the opposing party had responded to represent that the billings relating to this and other matters between the same and/or related parties ranged from $130,000 to over $4,000,000, *see* Denkenberger Decl. at ¶ 3 (docket no. 82). Although a fee motion need not be supported at the time of filing by evidentiary material, it must give some notice of the sum sought.[1] *See Perfect 10, Inc. v. Giganews, Inc.*, 847

---

[1] Defendant cites two orders issued in this district for the proposition that an application for attorneys' fees may be silent as to the amount sought and then be followed by a "separate" motion "accounting" for the requested award. *See* Def.'s Reply at 5 n.2 (docket no. 81) (citing *Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*, 2015 WL 1263338 (W.D. Wash. Mar. 18, 2015), and *Clearly Food & Beverage Co. v. Top Shelf Beverages, Inc.*, 2015 WL

MINUTE ORDER - 1

F.3d 657, 676 (9th Cir. 2017). In *Perfect 10*, the Ninth Circuit affirmed the district court's denial of supplemental fees, reasoning that the applicant's amorphous request, in the original motion for attorneys' fees, to "set a date" for requesting "later fees and costs" did not satisfy the "fair estimate" requirement of Rule 54(d)(2)(B)(iii). *Id.* The Ninth Circuit observed that the applicant "did not face an insurmountable obstacle" in offering, in the initial, timely motion, a prediction concerning the additional fees that would likely be incurred in preparing and filing a reply brief and further litigating the attorneys' fees issues. *Id.* at 676-77. In this case, defendant did not even offer, in its opening brief, an estimate of the base fees being requested, as opposed to the "fees on fees" that might be generated in the future, and its subsequently stated range of fees was untimely, having been provided more than fourteen days after the judgment. As indicated in defendant's reply, the failure to apportion and articulate the attorneys' fees associated with this action did not result from circumstances that would constitute "good cause" to excuse the deficiencies of defendant's motion, but rather was the product of a strategic decision to avoid "undertaking onerous and costly efforts" to sort through billing records unless defendant was deemed entitled to attorneys' fees. *See* Def.'s Reply at 5 (docket no. 81).

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 8th day of April, 2019.

                                        William M. McCool
                                        Clerk

                                        s/Karen Dews
                                        Deputy Clerk

---

1263339 (W.D. Wash. Mar. 18, 2015)). Defendant's reliance on *Clearly Food* is misplaced. *Clearly Food* involved sanctions imposed pursuant to Federal Rule of Civil Procedure 37, which does not require that the proposed amount of attorneys' fees be set forth in any motion. *See* Fed. R. Civ. P. 37(b)(2)(C) & (c)(1)(A).

MINUTE ORDER - 2